IN THE SUPERIOR COURT

**FILED**
July 21, 2025 04:10 PM
SX-2024-CR-00330
**TAMARA CHARLES**
**CLERK OF THE COURT**




**SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **PEOPLE OF THE VIRGIN ISLANDS,** | Case Nos. SX-2024-CR-00330 |
| | SX-2024-CR-00331 |
| **PLAINTIFF,** | SX-2024-CR-00332 |
| v. | |
| **JACOB A. TURNBULL (330),** | |
| **THYMOTHY RODRIGUEZ (331), and** | |
| **MARK EMMANUEL PRINCE (332),** | |
| **DEFENDANTS.** | |

Cite as: 2025 VI SUPER 26

Appearances:

ESTHER R. WALTERS, ESQ.
Assistant Attorney General
U.S. Virgin Islands Office of the Attorney General
St. Croix, VI
*For Plaintiff*

HOWARD L. PHILLIPS, ESQ.
Deputy Chief Territorial Public Defender
Office of the Territorial Public Defender
St. Croix, VI
*For Defendant Jacob A. Turnbull*

RONALD E. RUSSELL, ESQ.
The Russell Law Firm, LLP
St. Croix, VI
*For Defendant Thymothy Rodriguez*

KATHRYN D. SLADE, ESQ.
Assistant Conflict Counsel
Office of Conflict Counsel
St. Croix, VI
*For Defendant Mark Emmanuel Prince*

## MEMORANDUM OPINION AND ORDER

¶1　　**THESE MATTERS** came before the Court for a Suppression Hearing on April 28, 2025, on Jacob Turnbull's *Motion to Suppress* initially filed on February 25, 2025, Thymothy Rodriguez's *Defendant's Motion to Suppress* filed on March 25, 2025, and Mark Emmanuel Prince's *Motion to Suppress* filed on March 26, 2025. The People were represented by Esther R.

Walters, Esq., Assistant Attorney General. Jacob A. Turnbull appeared personally and through counsel, Howard L. Phillips, Esq., Deputy Chief Territorial Public Defender. Thymothy Rodriguez appeared personally and through counsel, Ronald E. Russell, Esq. Mark Emmanuel Prince appeared personally and through counsel, Kathryn D. Slade, Esq., Assistant Conflict Counsel. For the reasons set forth herein, this Court finds that there was no probable cause to justify the search of the vehicle in which the Defendants were traveling and, therefore, will suppress the evidence seized in connection with the search.

## FACTUAL HISTORY

¶2 Around midnight on March 10, 2024, during a saturated patrol initiative in Christiansted town, Virgin Islands Police Department officers traffic stopped a silver Honda Civic near the Purple Papaya store upon observing the vehicle with no front license plate and observing the occupants not wearing their seatbelts. There were three occupants in the vehicle: the driver, a front seat passenger, and one passenger in the rear on the driver's side of the vehicle. Mark Emmanuel Prince was later identified as the driver, Jacob A. Turnbull was later identified as the front seat passenger, and Thymothy Rodriquez was later identified as the rear passenger. Four officers surrounded the vehicle and asked for license, registration, and insurance documents. All four windows of the vehicle were partially down. While the documents were being collected, Officer Raheem Benjamin, then a K-9 handler with the Special Operations Bureau, also approached the vehicle.

¶3 While walking towards the vehicle, Officer Bejamin instructed the occupants to show him their hands. Moments later, while at the rear passenger side of the vehicle, Officer Benjamin asked the occupants if they had any marijuana in the vehicle, and told the other officers that he could smell marijuana emanating from the vehicle. One of the occupants responded incredulously that they did not have any marijuana and advised the officers that they "don't even smoke" marijuana. Immediately upon that pronouncement, Officer Bejamin ordered all of the occupants out of the vehicle, opened the rear passenger side door and began searching a backpack located on the rear passenger side seat. Further search of the vehicle yielded two loaded firearms found inside of the middle console of vehicle.

¶4 Upon being ordered out of the vehicle, all occupants were patted down for officer safety. No weapons or contraband was found on any of the occupants. In addition to the firearms, several empty vials were also found inside of the vehicle. Each of the occupants, upon inquiry, advised that they did not have a license to carry a firearm. None of the occupants claimed possession of the firearms, and they were all taken into custody. The occupants were read their *Miranda* rights after they were transported to the police station for booking.

## LEGAL STANDARD

¶5 The Fourth Amendment to the Constitution of the United States provides that: "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The Fourth Amendment applies to the U.S. Virgin Islands through Section 3 of the Revised Organic Act of 1954. *Heath v. People of the V.I.*, 78 V.I. 990, 1002 (V.I. 2024); see also 48 U.S.C.A. § 1561. "[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *People of the V.I. v. Looby*, 68 V.I. 683 (V.I. 2018) (citations omitted). "Under the automobile exception to the warrant requirement, law enforcement may seize and search an automobile without a warrant if probable cause exists to believe it contains evidence of criminal activity." *Browne v. People of the V.I.*, 56 V.I. 207, 217 (V.I. 2012) (citations omitted). "Probable cause exists when, under the totality of the circumstances, a reasonable person could believe there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* (citations omitted). "The test of reasonableness cannot be fixed by *per se* rules; each case must be decided on its own facts." *Id.* (citation omitted).

¶6 The exclusionary rule is designed to deter police misconduct by excluding evidence obtained unconstitutionally. See *Elkins v. U.S.*, 364 U.S. 206, 211 (1960). "[T]he exclusionary rule encompasses both the 'primary evidence obtained as a direct result of an illegal search or seizure' and [...] 'evidence later discovered and found to be derivative of an illegality,' the so-called 'fruit of the poisonous tree.'" *Utah v. Strieff*, 579 U.S. 232, 237 (2016) (citing *Segura v.*

*U.S.*, 468 U.S. 796, 804 (1984)). However, "evidence will not be excluded as 'fruit' unless the illegality is at least the 'but for' cause of the discovery of the evidence. Suppression is not justified unless 'the challenged evidence is in some sense the product of illegal governmental activity.'" *Segura*, at 815 (citing *U.S. v. Crews*, 445 U.S. 463, 471 (1980)).

## DISCUSSION

### A. The initial traffic stop of the vehicle was reasonable.

¶7    The vehicle occupied by the Defendants was traffic stopped because it was observed with no front license plate and the occupants were observed not wearing their seatbelts. Failure to affix a license plate to the front body of a vehicle is a violation of 20 V.I.C. § 334.[1] Operating a motor vehicle without the driver and passengers wearing seatbelts is a violation of 20 V.I.C. § 446.[2] Therefore, Officer Raheem Benjamin, who initiated the traffic stop in this matter, had reasonable articulable suspicion for the traffic stop.[3] Even if the observed traffic violations were determined to be a pretext to initiate the traffic stop, given the objective legal basis for the stop, any subjective motivations for the stop are irrelevant to determining the constitutionality of the stop. In *Whren v. U.S.*, 517 U.S. 806 (1996), "the Supreme Court established a bright-line rule that any technical violation of a traffic code legitimizes a stop, even if the stop is merely pretext for an investigation of some other crime." *U.S. v. Mosley*, 454 F.3d 249, 252 (3d Cir. 2006).

### B. The warrantless search of the vehicle was not supported by probable cause.

---

[1] Specifically, 20 V.I.C. § 334(a) provides, in pertinent part, that "[w]hen two plates are issued, two plates shall be displayed. One plate must be affied to the front body of the vehicle and the other to the rear, and both plats must be clearly visible from the front and rear of the vehicle."

[2] Specifically, 20 V.I.C. § 446(b) provides that "[n]o person may operate a motor vehicle unless the operator an any passenger in the front seat of the vehicle are restrained by a lap and shoulder restraint where provided by the vehicle manufacturer which crosses over the hop and pelvis and any passengers age fourteen and older seated in the outboard rear and center rear seats are restrained by a lap restraint."

[3] The Court did not find Officer Benjamin's testimony to be credible that prior to the traffic stop he was able to observe the occupants of the vehicle not wearing their seatbelts. Nonetheless, that finding does not affect the Court's conclusion that the traffic stop was reasonable because Officer Benjamin's body camera footage clearly demonstrated that the vehicle stopped did not have a license plate affixed to the front body, which by itself presented reasonable articulable suspicion for the traffic stop.

¶8     Officer Raheem Benjamin, however, testified that probable cause for searching the vehicle was based solely upon the odor of marijuana he smelled in the vehicle.[4] "Under the automobile exception to the warrant requirement, law enforcement may seize and search an automobile without a warrant if probable cause exists to believe it contains evidence of criminal activity." *Browne*, at 217 (citations omitted). "Probable cause exists when, under the totality of the circumstances, a reasonable person could believe there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* (citations omitted).

¶9     Under federal law, and specifically under the Controlled Substances Act, the possession of marijuana remains illegal. 21 U.S.C.A. § 801 *et seq.* In many states and in the U.S. Virgin Islands, however, the possession of marijuana has been legalized for medical and recreational use. The Virgin Islands Cannabis Use Act, enacted in 2023, "establishes a regulated system for the cultivation, manufacture, and sale of Cannabis for adult, medicinal, and sacramental use." 19 V.I.C. § 775. Therefore, while under federal law "the smell of marijuana alone can create probable cause to search a vehicle"[5], the same no longer holds true under Virgin Islands law.

¶10     Officer Benjamin suggested in his testimony, that he was authorized to search the vehicle, based on his detection of an odor of marijuana, in order to verify that the occupants did not possess more marijuana than legally permissible. The possession of marijuana in the Virgin Islands, however, is now a presumably legal activity. In states where the use of marijuana has been legalized, courts have held that the smell of marijuana alone is not enough to justify a warrantless search. *People v. Armstrong*, --- N.W.3d ---, 2025 WL 994370, at *9 (Mich. 2025) ("'the smell of marijuana may be a factor, but not a stand-alone one, in determining whether the totality of the circumstances established probable cause to permit a police officer to conduct a warrantless search of a vehicle'") (citation omitted); *Commonwealth v. Rodriguez*, 37 N.E.3d 611, 620 (Mass. 2015) ("Because stops based on reasonable suspicion of a possible civil marijuana infraction do not

---

[4] Officer Bejamin also testified that probable cause was also based on the Defendants admission that they were not authorized by the Virgin Islands Office of Cannabis Regulation to posses or transport marijuana. Upon reviewing his body camera footage, however, Officer Benjamin conceded that he did not ask the Defendants whether they had authorization to possess marijuana. The People additionally argued that probable cause for the search was supported by the Defendants' upper body fidgeting as Officer Benjamin approached the vehicle, and by one of the Defendant's attempt to walk away from the officers. Officer Benjamin's body camera footage, however, did not show either of those alleged actions by the Defendants, nor did the Court find Officer Bejamin's testimony about those actions to be credible.

[5] *U.S. v. Outlaw*, 138 F.4th 725, 729 (3d Cir. 2025) (citations omitted).

promote highway safety and run contrary to the purposes of G.L. c. 94C, § 32L, we are disinclined to extend the rule that allows vehicle stops based on reasonable suspicion of a civil motor vehicle offense to stops to enforce the civil penalty for possession of one ounce or less of marijuana. Such stops are unreasonable…"); *Zullo v. State*, 205 A.3d 466, 502 (Vt. 2019) ("[A]n odor of marijuana is a factor, but not necessarily a determinative factor, as to whether probable cause exists.") (citation omitted).

¶11     The People argue that while adults over the age of 21 can legally possess up to two ounces of cannabis with an adult use permit pursuant to the Virgin Islands Cannabis Use Act, at the time of the traffic stop in this matter, there were no licensed dispensaries operating in the Virgin Islands. According to the People, the absence of a legal supply chain means any cannabis possession inherently suggests illicit cultivation, illegal use, or trafficking. The People admitted, however, that at the time of the traffic stop, a number of permits had been issued to individuals to cultivate marijuana for personal use. Consequently, without the complete absence of a legal supply chain, it is not inherent that the marijuana in a person's possession is illegally acquired or is being illegally used. Only in the total absence of any method to obtain legal marijuana could the suggestion of illicit cultivation, use, or trafficking of marijuana, be inherent.

¶12     Furthermore, the Court does not find Officer Benjamin's testimony that there was a strong order of marijuana emanating from the vehicle to be credible. When Officer Benjamin approached the vehicle, all of the windows were partially down, and there were already four other officers surrounding the vehicle and interacting with the occupants. If the smell of marijuana was strong, as alleged by Officer Benjamin, it is highly unlikely that none of the other four officers who approached the vehicle before Bejamin would have made note of the smell. Although the Court does "not evaluate probable cause in hindsight, based on what a search does or does not turn up",[6] the fact that no marijuana was found in the vehicle or on the person of any of the Defendants further belies Officer Bejamin's testimony that he smelled a strong odor of marijuana emanating from the vehicle.

¶13     Moreover, Officer Bejamin was a K-9 handler with the Special Operations Bureau and was operating his K-9 unit at the time of the traffic stop. Conspicuously absent from Officer Bejamin's

---

[6] *Id.* at 728 citing *Fla. V. Harris*, 568 U.S. 237, 249 (2013).

testimony was any mention of his K-9 partner. Typically, K-9 partners are trained to reliably detect drugs in vehicles. Notably, even after allegedly smelling a strong odor of marijuana, Officer Benjamin did not engage his K-9 partner to check the exterior of the vehicle or request assistance from another K-9 unit.

¶14 Ultimately, under the totality of the circumstances of this matter in which the alleged smell of marijuana was the sole factor supporting probable cause for the search of the vehicle, this Court does not find that probable cause existed to believe that the vehicle searched contained evidence of criminal activity.

### C. Application of the exclusionary rule is appropriate.

¶15 The exclusionary rule is designed to deter police misconduct by excluding evidence obtained unconstitutionally. See *Elkins v. U.S.*, 364 U.S. 206, 211 (1960). "The exclusionary rule 'is not an individual right and applies only where it result[s] in appreciable deterrence.'" *People of the V.I. v. John*, 52 V.I. 247, 261 (V.I. 2009) (citing *Herring v. U.S.*, 555 U.S. 135, 141 (2009)). This Court's determination of whether to apply the exclusionary rule must "focus 'on the efficacy of the rule in deterring Fourth Amendment violations in the future.'" *Id.* This Court finds that in addition to the general public policy desire "to ensure the constitutional rights of all Virgin Islanders and visitors are respected",[7] there is a specific need to ensure that the Virgin Islands Police Department immediately ceases its unconstitutional practice of searching vehicles based solely on a purported smell of marijuana.

### CONCLUSION

¶16 Although the initial traffic stop of the vehicle occupied by the Defendants was supported by reasonable articulable suspicion of criminal activity, the subsequent immediate search of the vehicle based solely on the purported smell of marijuana was not supported by probable cause. Accordingly, the premises having been considered, and the Court otherwise being fully advised, it is hereby

**ORDERED** that the Defendants' *Motions to Suppress* are **GRANTED;** and it is further

---

[7] *People of the V.I. v. Osorio*, 2025 WL 275512, at *7 (Super. Ct. 2025) citing *People of the V.I. v. Warrell*, 2022 WL 2666745, at *16 (Super. Ct. 2022).

**ORDERED** that all evidence seized from the silver Honda Civic occupied by the Defendants on March 10, 2024, is **SUPPRESSED and EXCLUDED** from use in the Defendants' trial on this matter; and it is finally

**ORDERED** that a copy of this Order be served upon the Defendants, Jacob A. Turnbull, Thymothy Rodriguez, and Mark Emmanuel Prince; upon Howard L. Phillips, Esq., Deputy Chief Territorial Public Defender; Kathyrn D. Slade, Esq., Assistant Conflict Counsel; upon Ronald E. Russell, Esq.; upon Chad A. Mitchell, Esq., Assistant Attorney General; and upon Amie M. Simpson, Esq., Criminal Division Chief.

**DONE** and **SO ORDERED** this 21st day of July, 2025.

**ERNEST E. MORRIS, JR.**
Superior Court Judge

**A T T E S T:**
**TAMARA CHARLES**
Clerk of the Court

By: _____
Court Clerk II

Date: 7/21/2025